UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br>  Plaintiff, <br><br> v. <br><br> JOHN DOE, subscriber assigned IP address 68.7.76.126, <br><br>  Defendant. | Civil No.   13 cv437-LAB (DHB) <br><br> **ORDER DENYING PUTATIVE JOHN DOE'S MOTION TO QUASH** <br><br> **[ECF No. 8]** |

On August 1, 2013, the Putative John Doe Defendant ("Defendant") filed a Motion to Quash. (ECF No. 8.) Defendant requests the Court quash the subpoena Plaintiff issued to Defendant's Internet Service Provider ("ISP"), Cox Communications. Plaintiff has filed an Opposition (ECF No. 9), and Defendant has replied. (ECF No. 10.) The Court has reviewed the parties' papers and supporting exhibits, and for the reasons set forth below **DENIES** Defendant's Motion to Quash.

## I. BACKGROUND

On February 25, 2013, Plaintiff Malibu Media, LLC, filed this action against John Doe, subscriber assigned IP address 68.7.76.126, alleging a single cause of action for direct copyright infringement. (ECF No. 1.) Plaintiff alleges that Defendant illegally reproduced and distributed Plaintiff's copyrighted material through a peer-to-peer Internet network using Bit Torrent technology. (ECF No. 1 at ¶¶10-33.)

On March 20, 2013, Plaintiff filed a motion seeking early discovery for the purpose of learning the identity of Defendant. (ECF No. 4.) Plaintiff requested the Court to allow it to subpoena Defendant's ISP to obtain Defendant's true name and address. Plaintiff indicated the information was necessary to enable Plaintiff to serve process on Defendant. (ECF No. 4-1 at 7, 9.) On May 5, 2013, the Court granted Plaintiff's motion. (ECF No. 7.) Defendant now seeks to quash the subpoena.

## II. ANALYSIS

Defendant argues the Court should quash the subpoena issued to his ISP because it is not "very likely" to identify the actual infringer (as opposed to just the ISP subscriber) and the Complaint cannot withstand a motion to dismiss because it employs the "snapshot theory of liability." Defendant contends that before Plaintiff is allowed to obtain the subpoenaed information, Plaintiff should be required to set forth a discovery plan that outlines how it will use the subscriber information to identify the actual infringer. Defendant further argues that Plaintiff routinely engages in questionable litigation practices,[1] and uses the information it receives pursuant to the Court's subpoena power to run a national "settlement" mill, rather than actually serve its complaints on the alleged infringers. Plaintiff counters that Defendant has not provided a valid reason under Rule 45 for quashing the subpoena. Plaintiff argues it should not be held to a higher standard or required to file a discovery plan before a subpoena can issue. Plaintiff asserts there is no other way, other than through the ISP subpoena, to obtain the information needed to serve the Complaint. Plaintiff indicates that it "intends to serve every Defendant in a single John Doe suit where the parties cannot reach an amicable resolution." (ECF No. 9 at 11.) Plaintiff also argues that the Complaint can survive a motion to dismiss and is not premised on the "snapshot theory of liability."

---

[1] The litigation practices highlighted by Defendant include: (1) failing to file notices of related cases; (2) using non-attorney "negotiators" to propose settlements; (3) materially misrepresenting, through its negotiators, the range of statutory damages; (4) attempting to collect on claims that are not alleged in a complaint; (5) requesting overbroad subpoenas that seek phone numbers and email addresses; (6) routinely failing to serve Doe defendants after receiving their contact information; and (7) attaching embarrassing and non-evidentiary materials to the Complaint. (*See* ECF No. 8-2.)

### A.    Legal Standard

Motions to quash subpoenas are governed by Federal Rule of Civil Procedure 45. Rule 45(c)(3) provides, in relevant part, that a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."[2] Fed. R. Civ. P. 45(c)(3)(A). In evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." *Liberty Media Holdings v. Does 1-62*, 2012 WL 628309, *2 (S.D. Cal. February 24, 2012) (citing *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 354-55 (D.D.C. 2001)).

### B.    Plaintiff Has Satisfied the Test for Early Discovery

Rather than address Rule 45, Defendant essentially argues the Court should quash the subpoena because Plaintiff failed to meet the standard for early discovery set forth in *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) and *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980). The Court has carefully considered Defendant's arguments, and concludes that, as previously found in its May 3, 2013 Order, Plaintiff has made an adequate showing of good cause to warrant early discovery. (*See* ECF No. 7.)

Defendant argues that according to *Gillespie*, the subpoena must be "very likely" to lead to service on the actual infringer. Defendant contends that unless Plaintiff provides a discovery plan, it cannot show that it is "very likely" that the subpoena will result in service of process. In *Gillespie*, the Ninth Circuit stated that when the identity of alleged defendants is not known prior to the filing of the complaint, "the plaintiff

---

[2] Rule 45(c)(3)(A) also provides that a subpoena must be quashed or modified if it fails to allow a reasonable time to comply or requires a non-party to travel more than 100 miles (except for trial within the state). The Rule provides that a court may modify or quash a subpoena if it requires disclosure of trade secrets, certain expert opinion, or requires a non-party to incur substantial expense to travel more than 100 miles for trial. Fed. R. Civ. P. 45(c)(3)(B).

should be given an opportunity through discovery to identify the unknown defendants, *unless it is clear that discovery would not uncover the identities*, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (emphasis added). The phrase "very likely" was used by the *Gillespie* Court in its analysis of that test. The Ninth Circuit held the district court had abused its discretion in denying early discovery because "[i]t was very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants." *Id.* at 643.

The Court acknowledges Defendant's concerns that the ISP subscriber may not always be the infringer. Nevertheless, the Court cannot find that it is "clear the discovery would not uncover the identit[y]" of the Defendant. *Gillespie*, 629 F.2d at 642. Rather, it appears to the Court that "there is a reasonable likelihood that the discovery process," i.e., the ISP subpoena, "will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, (N.D. Cal. 1999). Moreover, the Court can see no other viable way for Plaintiff to pursue its infringement claims.

Defendant also argues that the subpoena should be quashed because the Complaint is not likely to survive a motion to dismiss. The Court previously considered this factor, and determined that, at this preliminary stage, Plaintiff has stated a plausible claim for copyright infringement that can withstand a motion to dismiss. (*See* ECF No. 7.)

Accordingly, Defendant's Motion to Quash the ISP subpoena is **DENIED**.

### C.  Defendant's Request for Protective Order

In the Reply brief, Defendant requests in the alternative, that if the Court declines to quash the subpoena, the Court should enter a protective order similar to the one issued by Judge McCurine in *Malibu Media v. John Doe,* 13cv435, ECF No. 11 (S.D. Cal. August 14, 2013). (ECF No. 10 at 11.) On August 14, 2013, Judge McCurine denied a motion to quash that was nearly identical to the instant motion. In his Order, Judge McCurine rightly expressed concern over Plaintiff's litigation tactics, and took notice of Plaintiff's litigation history in this district, including Plaintiff's poor track record of

actually serving its complaints.[3]  To ensure that Plaintiff would only use the ISP information to serve the doe defendant, Judge McCurine *sua sponte* issued a protective order limiting the use of the ISP information for service of process only, and preventing Plaintiff from contacting the doe defendant for discussion of settlement until after all of the operative pleadings, including an answer are filed. *Malibu Media*, 13cv435, ECF No. 11 at 7.  Following Judge McCurine's order, Plaintiff filed a First Amended Complaint substituting the real name of the doe defendant.  *Id.* at ECF No. 13.  A summons was issued on August 28, 2013, but has not been returned executed as of the date of this order. *Id.* at ECF No. 14.

The Court shares Judge McCurine's concerns about Plaintiff's litigation tactics. However, the Court is also mindful that some doe defendants may wish to remain anonymous, and resolve their cases informally before they are named in an amended complaint.[4]  After much deliberation, the Court declines to issue a protective order in this case.  The Court has already limited the scope of the subpoena to the subscriber's name and address.  Thus, Plaintiff will not be able to contact Defendant by telephone or email. The Court further notes that Defendant is represented by counsel.  Therefore, the risk that Defendant might be unwittingly pressured into a settlement is tempered by the fact that any settlement negotiations would necessarily be made through counsel.  Accordingly, Defendant's request for a protective order is **DENIED**.

/ / /

/ / /

/ / /

---

[3] This Court has likewise examined the docket for cases filed by Plaintiff. The Court notes that since February 2012, Malibu Media has filed 28 cases in this district. Of the 28 cases, 23 were voluntarily dismissed by Malibu Media with no evidence that Plaintiff ever effected service on any defendant. To date, it appears that Malibu Media has only completed service on one doe defendant. *See Malibu Media v. Southgate*, 12cv369-LAB (DHB), ECF No. 13 (S. D. Cal. July 23, 2012). Four cases are currently pending.

[4] Indeed, in this case, defense counsel initially indicated that Defendant wished to remain anonymous. (*See* ECF No. 8-2, ¶ 3.)

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Quash is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 13, 2013

DAVID H. BARTICK
United States Magistrate Judge